IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THOMAS LEON OWENS  
    Petitioner,  
v.      *    CIVIL ACTION NO. WDQ-13-1440

WARDEN BOBBY SHEARIN  
    Respondent.

\*\*\*\*\*

MEMORANDUM

On May 16, 2013, the court received for filing this counseled 28 U.S.C. § 2254 petition for writ of habeas corpus. (ECF No. 1). This is the first § 2254 petition filed by petitioner, who was sentenced to a life term in September of 1995. (*Id.* at p. 3). Respondent was ordered to file a limited answer as to the timeliness of the petition,[1] with petitioner granted an opportunity to reply. (ECF No. 6 at pgs. 2-3).

---

[1] Title 28 U.S.C. § 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The statute further provides: the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

On July 11, 2013, respondent filed an answer to the application for habeas relief solely addressing the timeliness of petitioner's application. (ECF No. 7). No reply was filed.

On August 17, 1995, petitioner entered a plea to one count of first-degree murder before Prince George's County Circuit Court Judge Richard H. Sothoron, Jr. (ECF No. 7, Ex. 1 at pgs. 3 & 7; Ex. 2 at p. 2). On September 20, 1995, Judge Sothoran sentenced petitioner to life in prison. (*Id.*, Ex. 1 at p. 7). Petitioner did not seek appellate review, but rather filed an application for review of sentence and motion for reconsideration of sentence, which were denied by the Circuit Court. (*Id.*, Ex. 1 at p. 8; Ex. 2 at p. 2). Therefore, his judgment of conviction became final on October 19, 1995, when the time for seeking leave to appeal expired. *See* Md. Code Ann., Cts. & Jud. Proc. Art., § 12-302(e) and Md. Rule 8-204(b).

On January 15, 1997, Petitioner filed a petition for post-conviction relief in the Circuit Court. (*Id.*, Ex. 1 at p. 8; Ex. 2 at p. 2). He withdrew the petition on June 2, 1997. Petitioner filed a second post-conviction petition on December 19, 2001,[2] which was withdrawn on March 18, 2004. (*Id.*, Ex. 1 at pgs. 10 & 12; Ex. 2 at p. 2). On July 14, 2009, petitioner filed his third post-conviction petition which, after a hearing was conducted, was denied by the Circuit Court on October 1, 2010. (*Id.*, Ex. 2). Petitioner's application for leave to appeal was summarily denied by the Court of Special Appeals of Maryland on April, 12, 2012. (*Id.*, Ex. 1 at p. 17).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when filing a federal habeas corpus petition pursuant to 28 U.S.C. § 2254, defendants convicted in state

---

[2] Both the petition and answer suggest that the post-conviction petition was re-filed on May 1, 2001. The criminal docket, however, includes entries which indicate that a letter was filed by petitioner on May 1, 2001, and that the post-conviction petition was re-filed on December 19, 2001. (*See* ECF No. 7, Ex. 1 at pgs. 9 & 10). The uncertainty of the dates is of no moment to the timeliness of the habeas corpus application.

court on a non-capital offense are subject to a one-year statute of limitations. *See* 28 U.S.C. §2244(d).[3] Petitioner, whose conviction became final in October of 1995, had one year from the effective date of AEDPA to file his petition in this Court. *See Brown v. Angelone*, 150 F.3d 370, 374-75 (4th Cir. 1998) (one-year grace period for habeas corpus petitioner whose convictions became final prior to the April 24, 1996 enactment of AEDPA); *see also Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000) (§ 2244(d) one-year limitation period expires on April 24, 1997, for convictions which became final prior to April 24, 1996).

Under the aforementioned Fourth Circuit case law, petitioner had one year from April 24, 1996, to file a § 2254 petition. This counseled petition was not, however filed until May 16, 2013,

---

[3] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

over sixteen years later. Under a generous construction, no state post-conviction petition was pending to statutorily toll the limitation period under § 2244(d)(2) from April 24, 1996 to January 14, 1997; June 3, 1997, to December 18, 2001; March 19, 2004 to July 13, 2009; and April 13, 2012 to May 16, 2013, an approximate 136-month period. Thus, this petition was filed outside the one-year statute of limitations period.

Petitioner's counsel offers no explanation for the late filing and the court finds no grounds for equitable tolling. Petitioner did not advance his claims within a reasonable time of their availability and delayed filing his involuntary plea and ineffective assistance of counsel claims. His habeas corpus petition is time-barred under 28 U.S.C. § 2244(d)(1)(A-D) and shall be dismissed and denied with prejudice.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability ("COA") should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Petitioner does not satisfy this standard, and the court declines to issue a COA. A separate Order shall be entered in accordance herewith.

Date: 9/4/13

William D. Quarles, Jr.
United States District Judge

4